IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01361-BNB

ANDRE J. TWITTY,

Applicant,

v.

RONNIE WILEY - Warden,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 14 2008

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Andre J. Twitty, submitted *pro se* a document titled "Motion for Writ of Habeas Corpus, Actual Innocence, Brief in Support." As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the submitted document was deficient. Notwithstanding the deficiencies, on June 27, 2008, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action.

In the June 27, 2008, order, Magistrate Judge Boland directed Mr. Twitty to cure certain enumerated deficiencies if he wished to pursue his claims. He specifically was directed to submit within thirty days a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action or to pay the $5.00 filing fee, and to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the proper, Court-approved form. The order warned Mr. Twitty that if he failed to cure the designated deficiencies within thirty days, the document titled

"Motion for Writ of Habeas Corpus, Actual Innocence, Brief in Support" and the action would be dismissed without prejudice and without further notice.

On July 14, 2008, Mr. Twitty submitted on the proper, Court-approved forms an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. He also submitted motions titled "Motion to Proceed In Forma Pauperis, Brief In Support" and "Motion to Supplement the Attached 28 USC 2241 Form Writ of Habeas Corpus, Want of Jurisdiction, Release Pending Appeal, Actual Innocence, Brief in Support." However, he failed within the time allowed to cure all the designated deficiencies as directed, i.e., he has failed either to pay the $5.00 filing fee or to submit a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.

Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." Rule 1(b) of the Section 2254 Rules applies the rules to other habeas corpus applications. The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes the requirement for a certified copy of an inmate's trust fund account statement. The June 27, 2008, order warned Mr. Twitty that if he failed to cure the designated deficiencies within the time allowed, the application and the action would be dismissed without further notice. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to cure. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this 12 day of Aug., 2008.

BY THE COURT:

/s/ Zita L. Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01361-BNB

Andre J. Twitty
Reg. No. 18558-018
ADX – Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/14/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk